In the Matter of the Petition of JOSEPH DEUTSCH to Render and Settle His Account as Sole Surviving Executor and Trustee, etc., of LOTTIE DEUTSCH, Deceased. JOSEPH DEUTSCH, as Executor and Trustee, etc., of LOTTIE DEUTSCH, Deceased, Appellant; HELEN DEUTSCH and MAURICE B. KAGEN, as Executors and Trustees, etc., of SAMUEL DEUTSCH, Deceased, Respondents. — The surviving executor and trustee of the will of his wife filed a petition for a voluntary accounting. The persons interested were cited, including the executors of his deceased

son Samuel's will, who filed objections, chiefly that certain assets had not been included in the account. The executor then moved to vacate and dismiss the objections, apparently on the ground that these executors were not parties interested. The only question presented and necessary to be determined at that time was whether they were interested parties. The will of the testatrix provided that all the property should be given to the trustees, in trust, to divide the income equally between her husband and her son Samuel, except that the share of her husband should amount to at least $1,200 per annum. At the termination of the life estate there was a preferred legacy to Samuel of $10,000, and smaller bequests to her other children and a grandchild. The remainder of the property, including the $10,000 specific legacy, was given to Samuel (now deceased). The husband and Samuel were made executors and trustees, without bond. The surviving executor sought construction of the will, claiming that the $10,000 bequest to Samuel was not vested and, therefore, did not survive for the benefit of his family after his death, which occurred before that of his father. As we view it, there was no occasion for the construction of the will on this meager record, with no proof of the surrounding circumstances shedding light on the intent of the testatrix. It appears that the entire estate is being exhausted by payments to the husband, so that the question is likely to become academic. Whatever might be determined in respect to the specific legacy, the executors of Samuel were interested parties under the " Seventh " and " Eighth " paragraphs of the will, which made Samuel a residuary legatee and devisee. Therefore, the order denying the motion to vacate the objections is affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate, and the question of the construction of the will is reserved for determination at an appropriate time on proper proof. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.